# In the United States Court of Federal Claims

No. 19-1982C
(Filed:  September 24, 2020)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| YUEN C. YU, | * | |
| | * | |
| Plaintiff, | * | RCFC 12(b)(1); Motion to Dismiss; |
| | * | Jurisdiction; Breach of Settlement |
| v. | * | Agreement; Enforcement of EEOC Order; |
| | * | Statute of Limitations |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Arnold S. White</u>, Columbus, OH, for plaintiff.

<u>Rafique O. Anderson</u>, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Chief Judge

Plaintiff Yuen C. Yu seeks damages arising from the alleged breach of her equal employment opportunity settlement agreement with the United States Postal Service ("USPS"). Defendant United States moves to dismiss plaintiff's claim for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and for failure to state a claim on which relief can be granted under RCFC 12(b)(6).  For the reasons set forth below, the court determines that it lacks subject matter jurisdiction to entertain plaintiff's claim and grants defendant's motion to dismiss.

## I.  BACKGROUND

Plaintiff has worked for the USPS since 1994.[1]  Am. Compl. ¶ 17.  Although she sought a permanent USPS position and completed the required eligibility tests, she remained a nonpermanent, casual employee for over eighteen years.  Id. ¶ 18.  Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on August 13, 2007, alleging discrimination based on her age and her race.  Id. ¶ 19.  On September 13, 2007, plaintiff and the USPS entered into a settlement agreement, which provided in part:

---

[1]  The court derives the facts in this section from plaintiff's amended complaint ("Am. Compl."), including the attached exhibits ("Am. Compl. Ex.").

[Complainant] has given [a specific management official] a written request to be reinstated to a career position within the USPS. [The management official] has accepted [complainant's] request for reinstatement. [The management official] will check to see if [complainant] has a valid current exam score. If [complainant] does not have a current exam score, [the management official] will schedule [complainant] to take the current exam by the end of October 2007.

[Complainant] understands that she must pass the current exam. Once [complainant] passes the exam, [the management official] will process the request for reinstatement.

Id. ¶ 20; accord Am. Compl. Ex. 1.

The settlement agreement, however, did not end the dispute. Plaintiff passed the required exam, but the USPS maintained that no permanent positions were available for her. Am. Compl. ¶ 21. Plaintiff submitted a complaint to the USPS, which determined that her claim was time-barred. Am. Compl. Ex. 2 at 2. She appealed to the EEOC, which, after remanding the matter to the USPS for a supplemental investigation, id., ultimately sided with her, id. at 4; Am. Compl. ¶ 22. In its May 1, 2014 decision ("2014 EEOC Order"), the EEOC noted that although it had ordered the USPS to demonstrate "whether there were any career position vacancies since December 13, 2007," the evidence it produced only addressed whether any new employees had been hired for mail handler or clerk positions since that date. Am. Compl. Ex. 2 at 3. Plaintiff, in contrast, had "presented evidence showing that there were in fact numerous[] vacancies during that timeframe." Id. The EEOC thus determined that the USPS had breached the settlement agreement. Id. at 3-4; Am. Compl. ¶ 22. In addition to ordering the USPS to specifically perform the terms of the settlement agreement by placing plaintiff in a permanent position, the EEOC ordered the USPS to provide plaintiff with back pay and attorney's fees. Am. Compl. Ex. 2 at 4-5.

Plaintiff was placed in a permanent position as a mail handler on February 15, 2015. Am. Compl. ¶ 23. On April 1, 2016, the USPS submitted a compliance report to the EEOC, indicating that it had placed plaintiff in a career mail handler position and awarded her $52,027.93 in back pay. Am. Compl. Ex. 3 at 2. Plaintiff, however, filed a petition for enforcement with the EEOC on May 11, 2016, alleging that the USPS paid her only some of the back pay and none of the attorney's fees that she was owed. Id.; Am. Compl. ¶ 24. Regarding her back pay, she claimed that the USPS erred in three respects. First, she asserted that the USPS improperly used other employees of equal rank in her section as "comparators" to determine the amount of overtime to which she was entitled. Am. Compl. ¶ 25. Plaintiff maintained that because "she practically never turned down the opportunity to work [overtime]," comparisons to other USPS employees were not necessary. Id. Second, she contended that the USPS incorrectly calculated her date of hire. Id. ¶ 26. Plaintiff emphasized that her date of hire determines the start date of her back pay, overtime, and similar benefits, in addition to establishing her seniority date for opportunities such as overtime. Id. Third, she disputed the USPS's determination that she had failed to mitigate her damages. Id. ¶ 30.

In response to plaintiff's petition for enforcement, the EEOC remanded the matter to the USPS for a supplemental investigation.  Id. ¶ 9.  The USPS then issued a second compliance report on January 19, 2018, in which it asserted that it had fully complied with the 2014 EEOC Order.  Id. ¶ 10.  Plaintiff filed a second petition for enforcement on June 14, 2018, maintaining her position that the USPS had not yet fully paid the money owed her.  Id. ¶ 11.  On September 21, 2018, the EEOC issued its final decision ("2018 EEOC Order").  Id. ¶ 12.  The EEOC determined that "based [on] the computations and documentation that the Agency provided and clearly explained, . . . the Agency . . . has complied with our order to provide back pay and has made the appropriate calculations, including overtime and mitigation of damages."  Am. Compl. Ex. 3 at 3.  The EEOC also concurred with the USPS's determination that plaintiff had failed to mitigate her damages.  Id. at 4.  Thus, the EEOC concluded that the USPS was in full compliance with its orders and denied plaintiff's petition for enforcement.  Id. at 5.  The EEOC's decision included the following notice regarding plaintiff's right to file a civil action:

> This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision.  You have the right to file a civil action in an appropriate United States District Court within [ninety] (90) calendar days from the date that you receive this []decision.

Id.

On December 15, 2018, plaintiff filed a complaint in the United States District Court for the Southern District of Ohio.  The district court dismissed the complaint on September 10, 2019, concluding that the EEOC's "determination that the USPS is in full compliance with the 2014 EEOC Order has preclusive effect on this court's subject matter jurisdiction over enforcement of that Order."  Yu v. Brennan, No. 18-cv-1732, 2019 WL 4277812, at *4 (S.D. Ohio Sept. 10, 2019).  However, the court subsequently granted plaintiff's unopposed motion to transfer the case to the United States Court of Federal Claims ("Court of Federal Claims").  Yuen Yu v. Brennan, No. 18-cv-1732, 2019 WL 5420633 (S.D. Ohio Oct. 23, 2019).

Plaintiff filed a transfer complaint in this court on January 8, 2020, and an amended complaint on June 5, 2020.  In her amended complaint, she alleges that the USPS has not fully complied with the 2014 EEOC Order, and she therefore seeks additional back pay and attorney's fees.  Am. Compl. ¶¶ 24-32.  On June 19, 2020, defendant filed the instant motion to dismiss.  Defendant contends that because the EEOC determined that the USPS satisfied the 2014 EEOC Order, this court lacks subject-matter jurisdiction.[2]  Def.'s Mot. 2.  Moreover, defendant asserts that (1) plaintiff's claim is time-barred and (2) plaintiff has failed to state a claim on which relief may be granted because collateral estoppel prohibits an attack on the EEOC's decision that the USPS satisfied the 2014 EEOC Order.  Id.  This motion is fully briefed and, because the court deems oral argument unnecessary, is now ripe for adjudication.

---

[2]  Defendant also argued that this court lacks jurisdiction because (1) the settlement agreement did not have a money-mandating provision, Def. Mot. 8-11, and (2) the evidentiary hearing sought by plaintiff constituted equitable relief, id. at 11-13.  In its reply, defendant withdrew these arguments.  Def.'s Reply 1 n.1.

## II.  DEFENDANT'S 12(b)(1) MOTION TO DISMISS

### A.  Standard of Review

In determining whether subject-matter jurisdiction exists, the court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  Faced with a motion to dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, that the court possesses jurisdiction.  Id.  If jurisdictional facts are challenged, the court is not limited to the pleadings in determining whether it possesses subject-matter jurisdiction to entertain a plaintiff's claims.  Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014); Pucciariello v. United States, 116 Fed. Cl. 390, 400 (2014).  If the court finds that it lacks subject-matter jurisdiction, RCFC 12(h)(3) requires the court to dismiss the claim.

### B.  Subject-Matter Jurisdiction

Whether the court has subject matter jurisdiction to decide the merits of a case is a threshold matter.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868).  The parties or the court sua sponte may challenge the existence of subject matter jurisdiction at any time.  Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

The ability of the Court of Federal Claims to entertain suits against the United States is limited.  "The United States, as sovereign, is immune from suit save as it consents to be sued."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  The waiver of immunity "cannot be implied but must be unequivocally expressed."  United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States.  28 U.S.C. § 1491(a)(1).  However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages."  United States v. Testan, 424 U.S. 392, 398 (1976).  Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States."  Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### C.  This Court Lacks Jurisdiction Over a Challenge to an EEOC Determination That the USPS Satisfied the 2014 EEOC Order

As an initial matter, the parties disagree as to whether the court may exercise jurisdiction over a challenge to an EEOC determination that an agency complied with an EEOC remedial order.  Invoking 29 C.F.R. § 1614.503(g), defendant asserts that plaintiff's case falls outside the

limited circumstances under which an EEOC decision may be enforced through a civil action. Def.'s Mot. 13-15.  Plaintiff, in turn, emphasizes that per Holmes v. United States, 657 F.3d 1303 (Fed. Cir. 2011), the Court of Federal Claims may exercise jurisdiction over "a suit alleging breach of a Title VII settlement agreement."  Pl.'s Resp. 12 (quoting Holmes, 657 F.3d at 1312).

In Holmes, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") resolved a split of authority within the Court of Federal Claims and determined that settlement agreements with the United States under Title VII of the Civil Rights Act of 1964 ("Title VII") fall within the court's jurisdiction despite Title VII's "comprehensive scheme."  657 F.3d at 1312.  However, the scope of this jurisdiction is more narrow than plaintiff acknowledges.  A settlement agreement falls within this court's jurisdiction because litigation related to its alleged breach is nothing more than "a suit to enforce a contract with the government."[3]  Id.; see also Greenhill v. Spellings, 482 F.3d 569, 574 (D.C. Cir. 2007) (describing breaches of settlement agreements as "straightforward contract claims within the purview of the Tucker Act").  But a settlement agreement (like the one plaintiff and the USPS signed in 2007) is not equivalent to an EEOC remedial order (like the one the EEOC issued in 2014).  While settlement agreements are governed by precisely the principles of contract law that are within this court's expertise, the EEOC's remedial process operates according to regulations promulgated under Title VII.  See 42 U.S.C. §§ 2000e-5, 2000e-16.  Although the Holmes court determined that the EEOC's process did not preclude Tucker Act jurisdiction over a breach-of-contract claim, it also recognized a clear distinction between the two avenues for relief.  See Holmes, 657 F.3d at 1316.  Most importantly, it acknowledged an implicit limitation on the Court of Federal Claims' jurisdiction: the EEOC's process permits a suit for money damages under the Tucker Act "in the event of breach that is separate from, or in addition to, the relief the regulation provides."  Id. (emphasis added); accord Johnson v. United States, 107 Fed. Cl. 379, 386 (2012).

The relief available under Title VII's regulations is subject to strict exhaustion requirements, deadlines, and other jurisdictional limitations.  Before filing a civil action in federal court, an aggrieved federal employee must exhaust administrative remedies both within the agency and through the EEOC's remedial process.  See generally 42 U.S.C. §§ 2000e-5, 2000e-16.  When presented with an allegation of discrimination, the agency "shall make reasonable efforts to voluntarily settle complaints . . . as early as possible in, and through, the administrative processing of complaints . . . ."  29 C.F.R. § 1614.603 (2018).  If, as in plaintiff's case, this process results in a settlement agreement that the agency later breaches, the complainant must provide written notice to the EEOC director within thirty days of the breach.  Id. § 1614.504(a).  The employee may then either seek specific performance of the settlement agreement or ask that the original discrimination complaint be reinstated.  Id.

Plaintiff opted to seek specific performance of the settlement agreement, resulting in the 2014 EEOC Order.  Then, dissatisfied with the USPS's compliance with the 2014 EEOC Order, she continued to pursue an administrative remedy.  A complainant "may petition the

---

[3]  Of course, as the Federal Circuit simultaneously acknowledged, a settlement agreement that "disavow[ed] money damages" or provided for "purely nonmonetary relief" would not fall within the Tucker Act's jurisdiction.  Holmes, 657 F.3d at 1314-15.  Defendant does not currently allege that plaintiff's settlement agreement exhibits either of these characteristics.

Commission for enforcement of a decision issued under the Commission's appellate jurisdiction," id. § 1614.503(a), and plaintiff did so.  The regulation required the EEOC to then "take all necessary action to ascertain whether the agency is implementing [the prior EEOC] decision."  Id. § 1614.503(b).  The 2018 EEOC Order, in which the EEOC found the USPS in compliance with the 2014 EEOC Order, resulted.

Plaintiff brought suit in the Court of Federal Claims in an attempt to challenge this final order.  The circumstances under which she may bring a civil action, however, are limited by 29 C.F.R. § 1614.503(g):

> Where the Commission has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, the [Age Discrimination in Employment Act], the Equal Pay Act or the Rehabilitation Act and to seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., and the mandamus statute, 28 U.S.C. § 1361, or to commence de novo proceedings pursuant to the appropriate statutes.

This regulation prohibits a court from exercising jurisdiction over the enforcement of an EEOC decision when (1) the EEOC has found that the agency complied with the decision and (2) the agency has filed the required compliance reports.  See, e.g., Carver v. Holder, 606 F.3d 690, 692 (9th Cir. 2010); Timmons v. White, 314 F.3d 1229, 1232 (10th Cir. 2003); Johnson v. Brennan, 144 F. Supp. 3d 121, 127-28 (D.D.C. 2015); Tshudy v. Potter, 350 F. Supp. 2d 901, 906 (D.N.M. 2004).  The district court in this matter reached the same conclusion.  Yu, 2019 WL 4277812, at *4.

Holmes might have allowed the court to exercise jurisdiction over plaintiff's claim had she sought relief directly related to an alleged breach of the settlement agreement.  But rather than basing her claim on a breach of that contract, plaintiff plainly seeks enforcement of the 2014 EEOC Order.  Although plaintiff styles her amended complaint as seeking relief related to "breach of a settlement contract," Am. Compl. ¶ 3, the pleading revolves around the allegation that the "USPS failed to pay Plaintiff all back pay and no attorney fees to which she is entitled," id. ¶ 24.  See id. ¶¶ 25-30 (alleging a number of errors in the USPS's calculation of back pay), ¶ 30 (noting that the USPS required plaintiff to prove that she had mitigated damages "[t]o obtain back pay EEOC had ordered"); Pl.'s Resp. 4 ("Plaintiff protested continuously after the [2014 EEOC Order] with Defendant's procedures and computations [regarding back pay].").  The 2014 EEOC Order, not the settlement agreement itself, entitled plaintiff to these remedies.  Am. Compl. Ex. 3 at 3-5.  Similarly, the district court from which this case was transferred concluded that "[i]t is the 2014 EEOC Order that Ms. Yu now seeks to enforce."  Yu, 2019 WL 4277812, at *3.

Neither Holmes nor the regulations promulgated under Title VII permit the court to meddle in this aspect of the EEOC's remedial process.  Because Holmes allows the court to adjudicate only a breach of the settlement agreement itself, and because plaintiff's attempted

enforcement of the 2014 EEOC Order is barred by 29 C.F.R. § 1614.503(g), the court lacks jurisdiction over plaintiff's claim.

### D.  Plaintiff's Claim Is Barred by the Statute of Limitations

Although the jurisdictional defects discussed above require the court to dismiss plaintiff's claim regardless of how the parties' remaining arguments are resolved, the court will also consider defendant's invocation of the statute of limitations.  Defendant contends that plaintiff's cause of action accrued by October 14, 2009, when the USPS failed to place her in a permanent position after she passed the requisite exam, and that she thus runs afoul of the Tucker Act's statute of limitations.  Def.'s Mot. 15.  In response, plaintiff maintains that this court's statute of limitations is subject to equitable tolling.  Pl.'s Resp. 13-18.  Alternatively, plaintiff argues that her claim is subject to accrual suspension.  Id. at 18-20.  Finally, plaintiff briefly asserts that because defendant failed to raise its statute of limitations defense before either the district court or this court, it has waived the argument.  Id. at 18.

The Court of Federal Claims may exercise jurisdiction only over claims against the United States that are "filed within six years after such claim first accrues."  28 U.S.C § 2501.  A claim has accrued "when all the events have occurred that fix the alleged liability of the government and entitle the claimant to institute an action."  Ingrum v. United States, 560 F.3d 1311, 1314 (Fed. Cir. 2009).  The question of "whether the pertinent events have occurred is determined under an objective standard; a plaintiff does not have to possess actual knowledge of all the relevant facts in order for the cause of action to accrue."  Fallini v. United States, 56 F.3d 1378, 1380 (Fed. Cir. 1995); accord FloorPro, Inc. v. United States, 680 F.3d 1377, 1381 (Fed. Cir. 2012).  The United States Supreme Court ("Supreme Court") has "long interpreted" this limitations statute as "absolute" or "jurisdictional."  John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 134 (2008).  Consequently, it is not subject to equitable tolling.  Id. at 133-34; see also Young v. United States, 529 F.3d 1380, 1384 (Fed. Cir. 2008) ("[Equitable tolling] is foreclosed by John R. Sand & Gravel, wherein the Court held that the Tucker Act's statute of limitations is in the 'more absolute' category that cannot be waived or extended by equitable considerations." (quoting John R. Sand & Gravel, 552 U.S. at 133)).

Although equitable tolling of the six-year statute of limitations in the Court of Federal Claims is not available, claim accrual may be suspended "until the claimant knew or should have known that the claim existed."  Martinez v. United States, 333 F.3d 1295, 1319 (Fed. Cir. 2003) (en banc).  To successfully invoke the accrual suspension rule, a plaintiff must demonstrate that either (1) the government "concealed its acts" or (2) the plaintiff's injury was "inherently unknowable."  Id.  The "knew or should have known" test for claim accrual is "used interchangeably" with the "concealed or inherently unknowable" test, although the latter is "both more common and more precise."  Ingrum, 560 F.3d at 1315 n.1.  While mandatory administrative proceedings will suspend the accrual of a claim, "a plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy."  Martinez, 333 F.3d at 1304.

Had plaintiff brought a breach-of-contract claim legitimately within the court's jurisdiction, the accrual date of that claim would have been measured from the date the

settlement agreement itself was breached.  As defendant asserts, see Def.'s Mot. 15, the events necessary to establish the government's alleged liability for this breach occurred by October 14, 2009.  By this date, two critical events had occurred:  (1) plaintiff had passed the postal exam required by the settlement agreement and (2) the USPS had failed to place her in the promised career position.  Am. Compl. Ex. 2 at 2.  True, plaintiff may not have fully comprehended her legal rights on that date, but she certainly knew the facts of her injury.  It is this knowledge that determines the accrual date of her claim.  See United States v. Kubrick, 444 U.S. 111, 122 (1979) (explaining the difference between "a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause" in the statute of limitations context); Catawba Indian Tribe v. United States, 982 F.2d 1564, 1572 (Fed. Cir. 1993) (refusing to extend a claim accrual date when "all the relevant facts were known" but "the meaning of the law . . . was misunderstood").

Plaintiff's appeal to equitable tolling to bridge the nine-year gap between the accrual of any cognizable breach-of-contract claim and the filing of this suit decidedly fails.  The court is not in a position to contravene John R. Sand & Gravel, and plaintiff has not established that intervening decisions have weakened the Supreme Court's ruling.  Plaintiff relies heavily on cases decided prior to John R. Sand & Gravel or cases involving only private litigants.[4]  See Pl.'s Resp. 13-16 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990); Hallstrom v. Tillamook Cnty., 493 U.S. 20 (1989); Hedges v. United States, 404 F.3d 744 (3d Cir. 2005); Coke v. Gen. Adjustment Bureau, Inc., 640 F.2d 584 (5th Cir. 1981); Bolduc v. United States, 72 Fed. Cl. 187 (Fed. Cl. 2006)).  None of these authorities empowers the court to disregard John R. Sand & Gravel.

For similar reasons, the court must reject plaintiff's argument that defendant has waived the statute-of-limitations defense.  John R. Sand & Gravel unequivocally instructs this court to consider a lawsuit's timeliness sua sponte if no party raises the issue.  552 U.S. at 132; see also SKF USA, Inc. v. U.S. Customs & Border Prot., 556 F.3d 1337, 1348 (Fed. Cir. 2009) (explaining that "because § 2501 is jurisdictional, it requires 'sua sponte consideration' by courts even when a party waives the issue of timeliness" (quoting John R. Sand & Gravel, 552 U.S. at 132)).  This is so even if, as in John R. Sand & Gravel, statute-of-limitations concerns are raised for the first time on appeal.  552 U.S. at 133-135.  Contrary to plaintiff's argument, defendant has no power to waive the statute of limitations.

Plaintiff's invocation of the accrual suspension rule similarly fails to cure her putative breach-of-contract claim's untimeliness.  While plaintiff maintains that accrual suspension applies to her claim, she notably does not argue that her entire journey through the EEOC's remedial process was mandatory.  Pl.'s Resp. 19 ("This case presents the rare situation where Plaintiff, Defendant, and the EEOC both treated the administrative remedy as mandatory and instructed Plaintiff that it was.  Courts later found such cases not to be mandatory . . . .").  As defendant emphasizes, 29 C.F.R. § 1614.310(i) allowed plaintiff to file a civil action 180 days

---

[4]  Plaintiff prominently cites one recent case:  United States v. Wong, 575 U.S. 402 (2015).  Wong, however, dealt with equitable tolling of the Federal Tort Claims Act and only addressed the Tucker Act in dicta.  Id. at 405, 412-17.

after filing her petition for enforcement if the EEOC had not yet issued a decision.  Plaintiff filed her initial enforcement petition within thirty days of the USPS's March 9, 2012 determination that it was in compliance with the terms of the settlement agreement.[5]  Had she availed herself of 29 C.F.R. § 1614.310(i) and filed a civil action 180 days later, in late 2012, a claim for breach of the September 13, 2007 settlement agreement would have been well within the Tucker Act's statute of limitations.  The fact that she chose to continue pursuing her claim through the EEOC's administrative process does not postpone the accrual date of her claim.

Much of plaintiff's argument regarding the statute of limitations, in the context of both equitable tolling and accrual suspension, centers on the assertion that "[n]o one even mentioned, let alone suggested or instructed her, of her right to file suit in [the Court of Federal Claims.]" Pl.'s Resp. 17; see also id. at 18 ("Plaintiff diligently pursued her case, complied with all instructions, yet faced extraordinary circumstances when all government agencies, their representatives, and their documents misled her . . . ."), 19 ("Defendant and all other parties to this case through the years improperly instructed Plaintiff to abide by the decades old understanding of only two options [to pursue her claim].").  However, plaintiff does not supply any legal authority for the proposition that the EEOC or the USPS was required to advise her that a suit challenging a breach of a Title VII settlement agreement could be filed in the Court of Federal Claims.  Nor does she supply any legal authority reflecting that the EEOC or the USPS was required to advise her that she could file suit to enforce the 2014 EEOC Order if the EEOC took longer than 180 days to issue a decision on her enforcement petition.  Moreover, plaintiff does not allege in her amended complaint that the EEOC or the USPS concealed from her the right to file a civil action in this court; counsel's unsupported statements in a brief implying such concealment are insufficient.  In short, this is not a case of defendant "conceal[ing] its acts with the result that plaintiff was unaware of their existence" in the manner necessary for plaintiff to invoke the accrual suspension doctrine.  Martinez, 333 F.3d at 1319 (quoting Welcker v. United States, 752 F.2d 1577, 1580 (Fed. Cir. 1985)).

One of plaintiff's allegations of EEOC misguidance involves a postscript to the 2018 EEOC Order.  The Order notified plaintiff that she had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date [she] receive[d] this decision," Am. Compl. Ex. 3 at 5, a deadline with which she says she complied, Am. Compl. ¶ 12-13; Pl.'s Resp. 5.  In one sense, plaintiff is correct:  29 C.F.R. § 1614.407(c), pursuant to 42 U.S.C. § 2000e-16(c), allowed plaintiff to file a civil action by the deadline indicated by the EEOC.  But a civil action under Title VII would not have allowed plaintiff to simply enforce the 2014 EEOC Order.  The Supreme Court has construed 42 U.S.C. § 2000e-16(c) as giving federal employees a right to de novo review of final agency actions.  Chandler v. Roudebush, 425 U.S. 840, 862 (1976) ("[T]here is 'specific statutory authorization' of a district court 'civil action,' which both the plain language of the statute and the legislative history reveal

---

[5]  Defendant's claim that plaintiff appealed the USPS's determination on March 9, 2012, Def.'s Reply 5, appears to be incorrect.  Although the USPS issued its determination on March 9, 2012, the record only reflects that plaintiff's appeal from that determination was "timely."  Am. Compl. Ex. 2 at 1-2.  The relevant regulations indicate that to be considered timely, an appeal must be filed within thirty days of the agency's determination.  29 C.F.R. § 1614.402(e); 29 C.F.R. § 1614.504(b).

to be a trial de novo." (citations omitted)).  Courts have generally concluded that a civil action under 42 U.S.C. § 2000e-16(c) thus requires de novo consideration not just of the EEOC's remedy, but of the agency's alleged discrimination itself.  Dellinger v. Potter, No. 08-cv-00219, 2009 WL 2243834, at *5 (S.D. Ohio July 22, 2009) ("In actions properly brought under Title VII, plaintiffs are entitled to a trial de novo in which the slate is wiped clean and all questions (including whether the employer actually committed illegal discrimination and what, if any, relief is still owed to the plaintiff) are decided anew by the district court."); accord Massingill v. Nicholson, 496 F.3d 382, 384 (5th Cir. 2007); Laber v. Harvey, 438 F.3d 404, 410 (4th Cir. 2006); Scott v. Johanns, 409 F.3d 466, 469 (D.C. Cir. 2005); Morris v. Rumsfeld, 420 F.3d 287, 294 (3d Cir. 2005); Timmons, 314 F.3d at 1233.  The court cannot fairly construe plaintiff's complaint as seeking such de novo review:  Plaintiff asks not for reevaluation of the agency's liability, but only for damages stemming from the 2014 EEOC Order.  Am. Compl. 6.  Moreover, regardless of whether plaintiff desired a de novo review of the alleged discrimination, the Court of Federal Claims has no jurisdiction over claims brought under 42 U.S.C. § 2000e-16(c).  Accord Baker v. United States, 642 F. App'x 989, 991-93 (Fed. Cir. Mar. 15, 2016) (Mem.) (finding that while the Court of Federal Claims could exercise jurisdiction over the alleged breach of a Title VII settlement agreement pursuant to Holmes, it lacked jurisdiction over a Title VII racial discrimination claim).  Thus, the fact that plaintiff filed her complaint within the ninety-day deadline mentioned in the 2018 EEOC Order is irrelevant for purposes of the statute of limitations.

Even if plaintiff had presented the court with a valid claim for breach of the settlement agreement, that cause of action accrued long before plaintiff filed her complaint with the district court.  Because plaintiff has not established that either equitable tolling or accrual suspension apply in this case, the Tucker Act's statute of limitations bars the court from considering plaintiff's claim.

## III.  CONCLUSION

Because the court finds that it lacks jurisdiction over plaintiff's complaint, it does not reach defendant's collateral estoppel argument.  To the extent the parties' other arguments are not discussed herein, the court has considered them and finds them unpersuasive or without merit.

Plaintiff has tenaciously pursued her claim for over a decade, and the court recognizes her frustration over the length and complexity of the process.  The court, however, has no authority to grant the relief she seeks.  Accordingly, the court **GRANTS** defendant's motion to dismiss.  Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  No costs.  The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge